**In re Reginald W. TUCKER, Blanche V. Tucker, Debtors.**

**Bankruptcy No. 91–20578.**

United States Bankruptcy Court, D. Maine.

Sept. 19, 1991.

F. Bruce Sleeper, Jensen, Baird, Gardner & Henry, Portland, Me., for National City Mortg. Corp.

Barry E. Schklair, Portland, Me., for debtors.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Chief Judge.

This matter came before the court upon the objection by National City Mortgage Corporation ("National") to the interim confirmation of the Chapter 13 plan proposed by Reginald and Blanche Tucker ("Debtors").

## FACTS

The relevant facts are simple and undisputed. On September 20, 1989, the Debtors executed and delivered to Salem Five Mortgage Corporation a promissory note ("Note"), along with a mortgage ("Mortgage") covering the Debtors' principal residence as security. The Mortgage was duly recorded in the York County Registry of Deeds. Both the Note and Mortgage were then subsequently assigned for value to National.

The Debtors defaulted on the Note when they failed to make payments beginning on April 1, 1990.[1] Therefore, National commenced the foreclosure process and obtained a foreclosure judgment against the Debtors on March 1, 1991. Maine law provides for a 90–day redemption period. However, on May 30, 1991, before the redemption period had expired, the Debtors filed a petition for relief pursuant to Title 11 U.S.C. Chapter 13. This effectively extended the period of redemption to July 29, 1991, pursuant to 11 U.S.C. § 108(b). The plan which Debtors seek to confirm provides for a cure of the default by paying arrearages owing to National through the plan, and for current payments to be paid directly to National outside of the plan.

## DISCUSSION

The issue presented is whether the Debtors have a right to cure a mortgage default and reinstate current payments after a foreclosure judgment has been entered, but before the period of redemption has expired.

The Bank argues that, under state law and the doctrine of merger, the note and mortgage were merged into the foreclosure judgment leaving nothing for the Debtors to cure. The Debtors contend that despite

---

1. The specific amounts due on the Note are disputed by the parties, who have agreed to leave that issue for later determination.

the possible merger, the mortgage default may be cured under the rehabilitative provisions of Chapter 13 and that, at this point in the foreclosure process, state law rights do not preclude this result.

There is no controlling authority in this jurisdiction, and the parties have cited decisions from various courts in support of their respective positions. As correctly noted by the court in *In re Glenn*, 760 F.2d 1428 (6th Cir.1985), this question implicates a balancing of two competing interests. The first is a debtor's interest in utilizing the rehabilitative process provided by Chapter 13, rather than resorting to liquidation pursuant to Chapter 7. The competing interest is the policy objective of encouraging home ownership through a strong home mortgage market.

After a lengthy and thorough discussion of these competing interests and Congressional intent, the *Glenn* court concluded that a Chapter 13 debtor may cure a default and reinstate a mortgage up until the point that a foreclosure sale has occurred. At that time, the court found that a debtor loses its ability to cure under § 1322.

This court agrees with the *Glenn* analysis. Furthermore, it is clear that state law does not prevail over the Bankruptcy Code provisions in this instance. While state law is certainly relevant, it simply dictates what property rights and interests a debtor holds. Despite the doctrine of merger, state law still provides the debtor sufficient property rights in order to confer upon this court the jurisdiction to determine the bankrupcty issues regarding those rights.

 The determination of whether a Chapter 13 debtor has a right to cure is controlled by the Bankruptcy Code, not state law. In oft-quoted language, the court in *In re Taddeo*, 685 F.2d 24 (2d Cir.1982) noted: "We do not believe that Congress labored for five years over this controversial question only to remit consumer debtors—intended to be the primary beneficiaries of the new code—to the harsher mercies of state law." *Id.* at 25.

■ Therefore, it is this court's conclusion that a Chapter 13 plan may cure a mortgage default and reinstate the current payments, provided the cure is reasonable. This is so notwithstanding the fact that a foreclosure judgment has been entered prior to the debtor's filing a petition, so long as a final order terminating the equity of redemption has not yet been entered.

Therefore, National's objection to the plan is overruled and the plan is hereby confirmed.

The foregoing constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.