In re Richard R. SIMCOCK and Ruth E. Simcock, Debtors.

Bankruptcy No. 93–20056(13).

United States Bankruptcy Court, D. Maine.

March 19, 1993.

Joanne I. Simonelli, Isaacson & Raymond, Lewiston, ME, for movant.

Richard J. O'Brien, Linnell, Choate & Webber, Auburn, ME, for debtors.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Chief Judge.

The stipulated facts underlying this contested motion for relief from stay by Fleet Bank of Maine, f/k/a Norstar Bank of Maine ("Movant") are as follows. Movant holds valid and duly perfected security interests in three parcels of real property of the Debtors which secure two separate promissory notes, upon which Debtors ceased making payments to Movant as of February 27, 1991. In December, 1991, Movant commenced judicial foreclosure proceedings which resulted in a judgment of foreclosure and order of sale dated and entered September 21, 1992. Under Maine law, the Debtors were entitled to redeem the property for a period of ninety (90) days from the entry of the foreclosure judgment or, in this case, until December 21, 1992. 14 M.R.S.A. § 6322. Prior to the expiration of this period, on November 25, 1992, Debtors filed a joint petition for relief pursuant to 11 U.S.C. Chapter 13, thereby extending the redemption period for sixty (60) days from the filing date, or to January 24, 1993. 11 U.S.C. § 108(b). However, Debtors failed to either redeem the properties or file a good faith, feasible plan [1] within the extended redemption peri-

---

1. As of this writing, Debtors' status in Chapter 13 is in question. The only Chapter 13 plan filed by the Debtors has never been presented to this Court for confirmation. Then, in response to an earlier motion by the Trustee to dismiss or convert their case, the Debtors indicated they would be voluntarily converting to Chapter 11. On January 21, 1993, they filed a motion to convert their case to Chapter 11, but have failed to notice the motion for hearing.

od.[2]

■ This matter presents an opportunity for this Court to revisit and clarify its earlier decisions, including *Maine Savings Bank v. Checkoway (In re Brittain)*, 148 B.R. 978 (Bankr.D.Me.1989) and *In re Tucker*, 131 B.R. 245 (Bankr.D.Me.1991). The issue is whether the Debtors, as a matter of law, may defeat the motion for relief from stay by providing Movant with adequate protection after the state law redemption period, as extended by § 108(b) of the Bankruptcy Code, has expired.[3] Obviously, the Debtors are always free to "offer" Movant adequate protection in the hope that the parties can settle their differences by agreement. However, because the redemption period has expired, Debtors no longer retain any interest in these properties. Thus, Movant is entitled to relief from stay, and cannot be required to accept adequate protection.

■ The determination of whether particular property interests of a debtor are included in the bankruptcy estate is controlled by federal law, specifically 11 U.S.C. § 541. However, the validity, nature and extent of a debtor's underlying property interest in any particular asset is the subject of state law. *Butner v. U.S.*, 440 U.S. 48, 54, 99 S.Ct. 914, 917, 59 L.Ed.2d 136, 141 (1979). Thus, this issue will turn on an examination of Maine law.

■ In Maine, a "mortgagee holds legal title to the property, and the mortgagor retains only the 'right to possess the premises and the equity right of redemption.'" *In re Cormier*, 147 B.R. 285, 290 (Bankr. D.Me.1992), *quoting Duprey v. Eagle Lake Water & Sewer District*, 615 A.2d 600, 602 (Me.1992). These rights constitute property interests which, if held by a debtor upon filing for bankruptcy, are transferred to the estate. If a debtor defaults or otherwise breaches a mortgage condition, the mortgagee is entitled to commence a civil foreclosure proceeding which, if successful, culminates in a judgment of foreclosure. 14 M.R.S.A. §§ 6321 et seq. Once the foreclosure judgment is entered on the docket, the debtor has a statutory 90–day period in which to redeem the property, pursuant to 14 M.R.S.A. § 6322, after which the debtor's property interests are "forever extinguished." *Cormier*, 147 B.R. at 290, and cases cited therein.

■ In *Tucker*, this Court held that a debtor may cure arrearages and reinstate a mortgage pursuant to 11 U.S.C. § 1322(b)(5) until the expiration of the period of redemption.[4] That decision was based in part upon the fact that until the ability to redeem has expired, "state law still provides the debtor sufficient property rights in order to confer upon this court the jurisdiction to determine the bankruptcy issues regarding those rights" and thereby authorize a debtor to cure pursuant to 11 U.S.C. § 1322. *Tucker*, 131 B.R. at 246. Because the redemption period in this case expired months ago, the Debtors, and therefore the bankruptcy estate, have lost their interest in the properties, leaving this Court without jurisdiction to deny relief from stay to Movant.

■ However, in accordance with this Court's decision in *Brittain*, the above discussion does not relieve another entity in Movant's position from bringing a motion for relief from stay in this Court. Although one's property rights are extinguished when the period of redemption expires, a debtor still retains certain rights

---

**2.** See discussion, *supra*, of this Court's decision in *In re Tucker* which allowed a Chapter 13 debtor to cure arrearages and reinstate a mortgage pursuant to 11 U.S.C. § 1322(b)(5) through a Chapter 13 plan confirmed prior to the expiration of the redemption period.

**3.** Apparently, the Debtors wish to offer the Movant adequate protection in the form of a mortgage on certain real property which is not the subject of this motion, but which is adjacent thereto.

**4.** The *Tucker* decision mistakenly held that a Chapter 13 debtor may cure until a "final order terminating the equity of redemption" has been entered. 131 B.R. at 246. In fact, Maine law has no requirement for a separate order to be entered and, as a matter of law, a debtor's interest is extinguished automatically when the 90–day period, as extended, expires. To the extent that *Tucker* has been misconstrued to allow a debtor to cure up until the foreclosure sale itself, that interpretation is expressly overruled herein.

mandating that relief from stay be sought. Those rights include the right to any surplus proceeds after a foreclosure sale, the right to contest either the mortgagee's accounting, 14 M.R.S.A. § 6204–B(2), or its noncompliance with post-redemption period sale procedures, 14 M.R.S.A. § 6323, as well as the right to argue any other issues which may affect the debtor's interests.

In this regard, the automatic stay provided by 11 U.S.C. § 362 prevents self-help, supplies a forum for a debtor to immediately argue his rights and gives a trustee an opportunity to investigate debtors' interests. Section 362 provides, in pertinent part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, *or other action or proceeding against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

. . . . .

(3) any act to obtain possession of property of the estate *or of property from the estate* or to exercise control over property of the estate;

. . . . .

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(1), (3), (6) (emphasis added). Each of these three subsections may prevent a creditor from engaging in self-help without relief from stay. In subsection (a)(1), the broad provisions of the automatic stay provide protection not only against actions with regard to estate property, but also against the *debtor,* by prohibiting *any action* against the debtor which was, or could have been, commenced prior to the filing. The scope of subsection (a)(3) is more clearly illuminated in the legislative history, which describes the subsection's function as staying "any act to obtain possession of property of the estate ... or property *from* the estate (property over which the estate has control or possession)." H.R.Rep. No. 595, 95th Cong., 1st Sess. 341 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787. Finally, a secured creditor who commences or continues a foreclosure proceeding against real property without relief from stay may, at the same time, substantiate its unsecured claim against the debtor in violation of § 362(a)(6), because a foreclosure sale establishes the amount of a deficiency claim under Maine law.

As an additional clarification, to the extent that *Brittain* held that the possibility of surplus proceeds is an "equity in property" for purposes of 11 U.S.C. § 362(d)(2)(A) upon which relief from stay could be denied, that decision is overruled. However, the underlying requirement that a movant bring a motion for relief from stay after the period of redemption has expired remains in force for the reasons stated above.

It may well be a rare case where, in order to preserve whatever state law rights remain after the redemption period expires, a debtor asserts that a secured creditor is not entitled to proceed with its respective rights. Nevertheless, this Court must maintain the integrity of the stay. Having properly brought a motion for relief from stay in the present case, Movant is entitled to the relief sought because the Debtors have not asserted any continuing property rights for which they are entitled to the protection of the stay. Under Maine law, the Debtors no longer have any interest in the property.

The foregoing constitutes findings of fact and conclusions of law pursuant to F.R.Bky.P. 7052.

An appropriate order granting Movant's motion for relief from stay was previously entered on March 16, 1993.