[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 1, 1984, the defendant, Thomas Flanders, executed a note in favor of First Federal Bank both in his individual capacity and on behalf of the defendant, Washington Street Associates, as its general partner. The note was secured by a mortgage on property located at 758-760 Washington Avenue in West Haven. The mortgage lists Washington Street Associates as the mortgagor, though Thomas Flanders has signed both as Washington Street Associates' General Partner and in his individual capacity as a borrower.
This foreclosure action, brought by the plaintiff, First Constitution Bank, formerly known as First Federal Bank, on January 16, 1991, followed default under the above note. Judgment of strict foreclosure was first entered by the court, Licari, J., on September 7, 1993. At the plaintiff's request, pursuant to the plaintiff's motion for judgment of strict foreclosure filed July 21, 1993, the first law day was assigned to Washington Associates, and the second to Thomas Flanders with title to vest in the plaintiff on the third day.[1] The judgment was subsequently opened and the law days extended on several occasions. The most recent extension set the law days to begin August 1, 1994.
On July 27, 1994, Flanders filed a Chapter 13 petition in bankruptcy. On September 21, 1994 the bankruptcy court dismissed Flanders' case. On October 20, 1994, FCB Properties, Inc.[2] (FCB) filed a motion for deficiency judgment, claiming that the value of the subject property is sufficient to satisfy the remaining debt. Flanders filed a memorandum in opposition to the deficiency judgment on January 9, 1994, and the plaintiff filed a memorandum in support of its motion on January 18, 1995. CT Page 2833
"A deficiency judgment provides a means for a mortgagee to recover any balance due on the mortgage note that was not satisfied by the foreclosure judgment. . . . It is the only means of satisfying a mortgage debt when the security is inadequate to make the foreclosing plaintiff whole." People's Bank v. Bilmor BuildingCorp., 28 Conn. App. 809, 822, 614 A.2d 456 (1992). A motion for deficiency judgment may be brought "[a]t any time within thirty days after the time limited for redemption has expired." General Statutes § 49-14(a).
In his memorandum in opposition to the plaintiff's motion, Flanders argues that, pursuant to 11 U.S.C. § 362(a), his filing of a chapter 13 bankruptcy petition stayed the passing of his law day with respect to the subject property.[3] Flanders asserts that, now that his bankruptcy case has been dismissed the court should assign a new law day to allow Flanders to redeem the mortgage and thus avoid a deficiency judgment. According to this theory, FCB's motion for deficiency judgment would be untimely pursuant to General Statutes § 49-14(a) because the "time limited for redemption" would not yet have expired.[4] Flanders argues further that in the event that the court determines that title vested in FCB on August 3, 1994, FCB's motion for deficiency judgment should be denied as untimely because it was brought after the statutory period prescribed by General Statutes § 49-14(a).
In its memorandum in support of its motion, First Constitution Bank argues that because the subject property was owned by Washington Street Associates, not Flanders, the stay imposed pursuant to 11 U.S.C. § 362(a) with respect to Flanders did not preclude title from vesting in FCB. Rather, FCB contends that Flanders could have redeemed the mortgage on his law day despite his filing of a petition in bankruptcy, or could have petitioned the court to open the judgment and extend the law days once again. According to FCB, the foreclosure action continued as against Washington Street Associates, notwithstanding Flanders' bankruptcy petition, and title vested in FCB, presumably on August 3, 1994. FCB further asserts that Flanders' bankruptcy petition did stay the filing of a motion for deficiency judgment and, hence, that the motion is timely because it was brought within thirty days following the dismissal of Flanders' bankruptcy case and the contemporaneous lifting of the stay.
The fundamental issue in this case, and apparently one of first impression in this state, concerns whether the stay in bankruptcy tolls the running of a court mandated period of CT Page 2834 redemption in a mortgage foreclosure action when the debtor, a guarantor of a note secured by the mortgage, has no interest in the subject property. If the stay does toll the period for redemption, then, as discussed herein, title would not have vested in FCB, and FCB would be required to open the judgment for the court to assign new law days. In that event, any motion for deficiency judgment would be premature. On the other hand, if the stay does not toll the redemption period, title would have vested in FCB on August 3, 1994, and the motion for deficiency judgment, (itself stayed by § 362(a) until the dismissal of Flanders' chapter 13 case), would be timely.
The effect of the stay in bankruptcy on redemption periods in mortgage foreclosure actions has been a subject of considerable debate at the federal level. Although the majority of courts have concluded that the stay imposed pursuant to § 362(a) does not toll the running of a redemption period; see, e.g., Johnson v. FirstNational Bank of Montevideo, Minn., 719 F.2d 270 (8th Cir. 1983), cert. denied 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245
(1984); Tabor Enterprises, Inc. v. People of the State of Ill.,65 B.R. 42 (N.D. Ohio 1986); In re Carver, 71 B.R. 20 (D.S.D. 1986), aff'd 828 F.2d 463 (8th Cir. 1987); In re Simcock, 152 B.R. 7
(Bankr. D. Me. 1993); In re Cooke, 127 B.R. 784 (Bankr. W.D.N.C. 1991); In re Hand, 52 B.R. 65 (Bankr. Fla. 1985); a minority have held that the stay does toll such redemption periods. See, e.g.,In re L.H. A. Realty Co. Inc., 57 B.R. 265 (Bankr. D. Vt. 1986);In the matter of St. Amant, 41 B.R. 156 (D. Conn. 1984); In recapital Mortgage Loan, Inc., 35 B.R. 967 (Bankr. Cal. 1983); In reDohm, 14 B.R. 701 (Bankr. Ill. 1981).
The Bankruptcy Code and Connecticut Foreclosure Law
In In re St. Amant, supra, 41 B.R. 156, the court undertook an extensive analysis of the pertinent provisions of the bankruptcy code and their applicability to Connecticut foreclosure law. That case involved a judgment creditor of the debtor who had recorded a lien on the debtor's realty. Id. 157. The creditor then sought foreclosure on the lien, and the court entered a judgment of strict foreclosure, eventually setting a law day of November 29, 1983. Id. The debtor filed a chapter 13 petition on November 21, 1983. Id. The sole issue presented to the court for resolution was "whether or not the property remained as part of the chapter 13 estate after November 29, 1983." Id. 158.
In its analysis, the court noted that, with respect to the CT Page 2835 tolling of the expiration of a redemption period in a foreclosure action, the majority of courts "find the appropriate provision to be 11 U.S.C. § 108(b) with its 60-day post petition period for the curing of defaults."[5] In re St. Amant, supra, 41 B.R. 159. The minority of courts "conclude that the language of § 362(a) is broad enough to stay the running of a postpetition period of redemption and that § 108(b) can be read consistently with § 362(a) thus construed." Id.
To resolve the question of which provision of the Bankruptcy Code applies to the running of law days in Connecticut, the court in In re St. Amant undertook an examination of relevant policy considerations and legislative history. The court concluded that "§ 362(a) and not § 108(b) most appropriately applies to a post-petition period of redemption when a judgment lien is being foreclosed under Connecticut foreclosure law." In re St. Amant,
supra, 41 B.R. 160.
In reaching its decision, the court noted in its discussion of policy considerations that "§ 108(b)'s 60-day extension of a redemption period is totally inadequate to accomplish [the purposes of bankruptcy law]". In re St. Amant, supra, 41 B.R. 160. "Confirmation of a chapter 11 or 13 plan is virtually impossible within a 60-day period." Id. "If the state-law redemption period is not stayed and is tolled relatively briefly, failure to redeem will result in loss of property from the estate." Id. The court noted further that "[i]n order to implement the rehabilitative purposes of the Code, the need for a stay to protect the property of the debtor against the threat of loss through execution . . . is apparent." Id. The court concluded that policy considerations supported the stay of the redemption period pursuant to § 362(a). Id.
In its discussion of the legislative histories of §§ 362(a) and 108(b) the court stated that "Congress' intent [was] that [§ 362(a)] be construed broadly to further the rehabilitative purposes of the Code." In re St. Amant, supra, 41 B.R. 161. The court then reasoned that construed broadly, "[t]he continued running of the redemption period, after the filing of [a] petition is `the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case' contrary to § 362(a)(2). It also is contrary to § 362(a)(3) which stays `any act to obtain possession of property of the estate or of property from the estate.' § 362(a)(4) would also bar the running of the redemption period as an `act to create, perfect or enforce CT Page 2836 any lien against property of the estate.'"
Section 108(b), on the other hand, "is ambiguous as to its application to periods of redemption. Specifically, the payment of a judgment debt is not plainly within the meaning of `cure [of a] default' or `any . . . act' `similar' to it." In re St. Amant,
supra, 41 B.R. 161. Moreover, "removing periods of redemption from the possible operation of § 108(b) still permits the statute to operate upon . . . more obvious cases of curing a default." (Internal quotation marks omitted.) Id., 162. The court concluded that "[o]n balance, taking into account the language of the two statutes and the legislative history, . . . § 362(a) and not § 108(b) more reasonably applies to periods of redemption." Id.
In further support of its holding, the St. Amant court observed that the cases it cited that applied § 108(b) and not § 362(a) "arose in every instance in jurisdictions where rights of redemption are established by statute after a foreclosure by sale procedure has been concluded." In re St. Amant, supra, 41 B.R. 162
-63. By contrast, in Connecticut, "the length of the redemption period is set by the state court in its discretion; it is not supplied by statute." Id. 163. Hence, "[i]n Connecticut, when a bankruptcy petition is filed during the redemption period, it is the ownership of the property which passes into the estate and not merely a statutory post-sale redemption right subject to extinction by the passage of the statutory period." Id. The court concluded that "the involuntary transfer of ownership worked by the terms of the strict foreclosure judgment is the very thing which § 362(a) was designed to prevent." Id.
The St. Amant Rationale Applied to the Present Case
The present case differs from the St. Amant case in two important respects. First, the present case concerns a mortgage foreclosure, not the foreclosure of a judgment lien, and second, Flanders, the bankruptcy debtor in the present case, does not and did not have any rights in the subject property at the time of the default and foreclosure. These factual differences make application of the rule articulated in St. Amant problematic, but not impossible.
Policy Considerations
In St. Amant, that portion of the court's rationale pertaining to policy considerations noted the possible loss of property from CT Page 2837 the estate that would result if § 362(a) were not applied. In the present case, in contrast, the real property at issue is not property of or from the debtor's estate. Rather, the debtor's property consists of his share in the partnership. "[A] partner's interest in [a] partnership is his share of the profits and surplus, and the same is personal property." Fidelity Trust Co. v.BVD Associates, 196 Conn. 270, 282, 492 A.2d 180 (1985). Hence, though Flanders' share in Washington Street Associates may be of less value after the foreclosure, the passing of Flanders' law day would not effect a loss of property from the estate as it would if Flanders were the owner of the property. Therefore, the application of § 362 seems less compelling in the present case than it did in the St. Amant case in light of the fact that the estate does not stand to lose property.
Nevertheless, allowing the passing of a guarantor's law day prior to the confirmation of a chapter 11 or chapter 13 plan, affects the rights of the debtor to protect himself from a possible deficiency judgment. D. Caron, Connecticut Foreclosures, § 19.05 (2d. ed. 1989) In addition, "[c]onfirmation of a chapter 11 or 13 plan is virtually impossible within a 60-day period" afforded by § 108(b). Hence, staying the passing of a guarantor's law day is in accord with the rehabilitative purposes of bankruptcy law by allowing a debtor or trustee to examine the rights and options available to the debtor with respect to the foreclosure action. Accordingly, the policy considerations outlined in the St. Amant
case support the stay of the passing of Flanders' law day pursuant to § 362(a).
Language and Legislative Intent of § 362(a)
In addition, the language and legislative history of §§ 362(a) and 108(b), as construed in the St. Amant case, suggest that the passing of Flanders' law day is appropriately stayed by § 362(a). As discussed above, the St. Amant court determined that the passing of a judgment lienor's law day constituted a violation of the stay imposed pursuant to §§ 362(a)(2), (3) and (4). In the present case, although §§ 362(a)(3) and (4) do not stay the passing of Flanders' law day, the passing of Flanders' law day is "the enforcement against the debtor . . . of a judgment obtained before the commencement" of Flanders' bankruptcy case pursuant to § 362(a)(2). Hence, the passing of Flanders law day was stayed by his chapter 13 bankruptcy petition.
"Under General Statutes § 49-1 a judgment of strict foreclosure CT Page 2838 extinguishes all rights of the foreclosing mortgagee on the underlying note, except those enforceable through the use of the deficiency judgment procedure delineated in General Statutes § 49-14."First Bank v. Simpson, 199 Conn. 368, 370, 507 A.2d 997
(1986). As a result, obligors, comakers and/or guarantors are routinely made defendants in mortgage foreclosure actions just as Flanders is a defendant in the present action. See, ConnecticutNational Bank v. Granby Griffin Road Associates, 8 CONN. L. RPTR. 569,8 CSCR 463 (1993) (Satter, S.T.R.); D. Caron, Connecticut Foreclosures, § 19.05 (2d Ed. 1989). A cause of action for a deficiency judgment accrues at the time of default under the note. People's Bank v.Bilmor Building Corp., 28 Conn. App. 809, 816, 614 A.2d 456 (1992). Moreover, "[t]he procedure used to obtain a deficiency judgment [in a foreclosure action] is . . . part of the main action." Vignot v.Bank of Mystic, 32 Conn. App. 309, 313, 628 A.2d 1339 (1993). Therefore, the passing of a law day as to an obligor such as Flanders constitutes "the enforcement against the debtor . . . of a judgment obtained before the commencement" of Flanders' chapter 13 case pursuant to § 362(a)(2).
Section 108(b) might arguably apply in the present case to extend the period for redemption by Flanders for 60 days if the redemption could be deemed a "cure [of] a default" or "similar act" pursuant to § 108(b). Although redemption of a mortgage seems more akin to the cure of a default than the payment of a judgment debt as was the subject of the controversy in In re Amant, supra,41 B.R. 161, redemption of a mortgage in Connecticut generally requires payment of the entire amount owing under the note. SeeLomas Nettleton Co. v. DiFrancesco, 116 Conn. 253, 258,164 A. 495 (1933). In contrast, a cure of a default under a mortgage would restore the duties and obligations under the note and mortgage as though no default had occurred. See, e.g., ConnecticutGalaxy Properties v. Baillargeon, Superior Court, JD of Litchfield, DN. 063322 (July 11, 1994) (Pickett, J.); Derby Savings Bank v. Press,
Superior Court, JD of Ansonia/Milford at Milford, DN. 034842 (November 15, 1991) (Curran, J.). Thus, redemption of a mortgage does not constitute the cure of a default pursuant to § 108(b). Accordingly, the language and legislative history as construed in the St. Amant case support the application of § 362(a) and not § 108(b) to the passing of Flanders' law day.
Transfer of Ownership Upon the Passing of a Law Day
Part IV. C. of In re St. Amant does not augment the above CT Page 2839 rationale for the application of § 362(a). The court in St. Amant
further noted that because of the nature of Connecticut foreclosure law, the passing of the final law day would have effected a transfer of ownership from the debtor to the foreclosing plaintiff. The court held that such a transfer "is the very thing which § 362(a) was designed to prevent." In the present case, however, that reasoning lends little support for the application of § 362(a), for the transfer of ownership that would have occurred upon the passing of Flanders' law day would not have deprived Flanders or his estate of property because, as previously discussed, Flanders had no interest in the property at any time relevant to these proceedings.
The holding in In re Amant should be expanded to include the application of § 362(a) to stay the passing of a law day assigned to a bankrupt debtor who is a co-signor, obligor, or guarantor. Flanders' bankruptcy petition stayed the foreclosure action and prevented his law day from passing. Therefore, the motion for deficiency judgment is premature pursuant to General Statutes § 49-14(a), as the time limited for redemption has not expired. In conclusion, FCB's motion for deficiency judgment is denied. Furthermore, now that Flanders' bankruptcy case has been dismissed and the stay terminated, FCB should move to reopen the judgment of strict foreclosure so that the court may assign Flanders a new law day.[6] See, e.g., Society for Savings v. Stramaglia, 225 Conn. 105,108, 621 A.2d 1317 (1993); Pacific Mutual Life Insurance Co.v. Broad Associates, Ltd, 24 Conn. App. 42, 43, 585 A.2d 115
(1993).
Donald W. Celotto State Trial Referee