**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of the New Connecticut Bank and Trust Company, N.A.**

v.

**HOWARD SHORELINE ASSOCIATES, et al.**

**Civ. No. 2:91CV676(TFGD).**

United States District Court, D. Connecticut.

May 25, 1995.

---

Paul Gilmore, Edwards and Angell, Hartford, CT, for FDIC.

Donald Gaudreau, Rogin, Nassau, Caplan, Lassman & Hirtle, Hartford, CT, for Howard Shoreline Associates and Bruce Kaplan.

DALY, District Judge.

After careful review and absent objection, Magistrate Judge Eagan's Recommended Ruling is hereby AFFIRMED, APPROVED AND ADOPTED.

SO ORDERED.

### RECOMMENDED RULING ON MOTION TO REOPEN AND SET ASIDE SUMMARY JUDGMENT OF STRICT FORECLOSURE (# 135–1, 135–2)

March 6, 1995.

EAGAN, United States Magistrate Judge.

#### Background

The plaintiff, the Federal Deposit Insurance Corporation, as Receiver of the New Connecticut Bank and Trust Company, N.A. (hereinafter "FDIC"), brought this action to foreclose on a mortgage which defendant Howard Shoreline Associates gave to secure repayment of a $3.8 million note. On March 14, 1994, this Court granted the plaintiff's Motion for Summary Judgment of Strict Foreclosure of the mortgaged parcels located in New London, Connecticut. The Court established a series of law days for individual partners and guarantors of Howard Shoreline Associates, the last of which expired on April 28, 1994.

Accordingly, pursuant to the Judgment of Strict Foreclosure, title to the mortgaged property vested in the FDIC on April 28, 1994. *See generally Hoffman v. Cheek*, 90 B.R. 21, 24 (D.Conn.1988) (Passage of law day vests title "absolutely" in mortgagee.)

Meanwhile, the FDIC discovered certain "environmental problems" on the property. *See* Taped Transcript of March 2, 1995 Hearing on Motion to Reopen; Motion to Reopen (# 135–1) at 2. It is this discovery which apparently has prompted the FDIC to attempt to divest itself of the property by moving to reopen the judgment.

### Discussion

■ The FDIC's request is based upon the fact that, on March 31, 1994, a Howard Shoreline partner, defendant Bruce Kaplan, filed a petition for relief in the United States Bankruptcy Court. As is customary in this district, the Court established a law day for Mr. Kaplan because of his status as a guarantor of the note. *See* Caron, Connecticut Foreclosures (2d ed. 1991) at 289 ("Thus, by a process of elimination, one must conclude that the only equitable law day to assign a guarantor is the second one, immediately following that of the owner,...."); *see also First Constitution Bank v. Pulito,* 1992 WL 11183 at *2 (Conn.Super. 1992) ("The theory appears to be that a guarantor ... is entitled to the right to redeem in order to avoid a deficiency judgment being entered against him.") The FDIC argues that the Judgment of Strict Foreclosure and· laws days established pursuant thereto were stayed when Mr. Kaplan filed for bankruptcy; therefore, title never vested in the FDIC.[1]

The dispositive issue is whether the filing of a bankruptcy petition by a partner of Howard Shoreline Associates prior to the expiration of law days prevented vesting of the mortgaged partnership property in the FDIC. The Court concludes that it did not.

■ The FDIC's argument fails on several grounds. First, the Court finds that, in the instant case, the termination by law of the parties' right to redemption did not constitute an "act" subject to the stay established in § 362(a). The filing of a bankruptcy petition operates as a stay of "any act to obtain possession of the property of the estate," "any act to create, perfect or enforce any lien against the property of the estate," or "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case." 11 U.S.C. § 362(a)(3), (4), and (5). However, § 362 does not toll the running of a redemption period created by state law in connection with a real estate mortgage foreclosure. *Johnson v. First National Bank of Montevideo,* 719 F.2d 270 (8th Cir.1983), *cert. denied,* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984). As one court has explained:

> These courts have all held that § 362 does not toll the running of the debtor's statutory period of redemption afforded by the applicable state law. Each court has found that under its state law no legal "act" or "proceeding" within the meaning of § 362(a)(1)–(8) is required of a party after a sale of the property to consummate the acquisition of clear title in the hands of the purchaser at the end of the redemption period. Such acquisition results solely from the passage of time. The words Congress chose to describe the matters stayed by § 362 evoke an image of the requirement of a positive legal step.

*In re Petersen,* 42 B.R. 39, 40 (Bankr.D.Ore. 1984). Similarly, in the instant case, no "proceeding" was required to vest title to the New London property in the FDIC. The mere passage of deadlines established prior

---

1. Several of the defendants argue that Mr. Kaplan's bankruptcy has no effect on the foreclosure action because, under Connecticut law, guarantors have no right of redemption. As noted in *Connecticut National Bank v. Granby Griffin Road Associates,* 8 CSCR 463, 464 (May 19, 1993):

> An obligor on or a guarantor of a note secured by a mortgage, who is not a mortgagor, has no interest in the property and is not an encumbrancer. When he is made a party in a foreclosure suit, his personal liability is dependent on the value of the property. He can submit appraisals to the court and seek to influence the manner of foreclosure, as it may affect his personal liability. But he has no interest in the property being foreclosed upon and accordingly has no right of redemption.

In light of its holding that the bankruptcy of a partner does not stay the expiration of law days established in a foreclosure action brought against the partnership, the Court finds it unnecessary to address the contention that a guarantor has no right of redemption under Connecticut law.

to Kaplan's petition did not constitute an "act" under § 362(a).

 Furthermore, the Court finds that the New London realty is not "property" in Mr. Kaplan's personal bankruptcy estate. The Bankruptcy Code broadly defines estate "property" as including "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). For example, a foreclosure of a nondebtor's joint tenant interest which destroys the right to survivorship held by the debtor's estate affects "property" of that estate and is thereby prohibited by the automatic stay. *See In the Matter of Cameron,* 164 B.R. 428 (Bankr.D.Conn.1994). Likewise, whatever legal or equitable interest a general partner has in a partnership is "property" within the partner's bankruptcy estate under § 541(a). *See In re Cardinal Industries, Inc.,* 105 B.R. 834, 848 (Bankr. S.D.Ohio 1989); *see also* Conn.Gen.Stat. § 34–63.

 "However, a partner's alleged 'rights' in specific partnership property is dubious and has been uniformly held not to constitute a legal or equitable interest in property for the purposes of bankruptcy law." *In re Hudgins,* 153 B.R. 441, 445 (Bankr.E.D.Va. 1993); *accord In re Geris,* 973 F.2d 318 (4th Cir.1992). For this reason, "it is firmly established that the assets of a partnership are not to be administered in a partner's bankruptcy proceeding since a partnership is a separate entity from its partners under bankruptcy law." *In re Palumbo,* 154 B.R. 357, 358 (Bankr.S.D.Fla.1992); *accord In re Carabetta Enterprises, Inc.,* 162 B.R. 399, 406 (Bankr.D.Conn.1993); *In re Berlin,* 151 B.R. 719, 723 (Bankr.W.D.Pa.1993); *cf. In re Kona Hawaiian Associates,* 41 B.R. 191, 192 (D.Hawaii 1984) ("[T]he automatic stay protecting debtor cannot be extended to protect general partners of debtor from foreclosure.") Here, Howard Shoreline Associates owned the foreclosed property, not Mr. Kaplan. Mr. Kaplan's derivative interest in the property does not constitute a specific, personal interest which makes it part of his estate.

Finally, the case which the FDIC cites as "directly on point," *In re St. Amant,* 41 B.R. 156 (Bankr.D.Conn.1984), does not require a different result. In *St. Amant,* Judge Krechevsky "determined that § 362(a) … most appropriately applies to a postpetition period of redemption when a judgment lien is being foreclosed under Connecticut foreclosure law." *Id.* at 159. However, he did not address whether the bankruptcy of an individual stays the foreclosure of property owned by a partnership of which he is a member. Rather, in *St. Amant,* the debtor was the individual owner of the property subject to foreclosure. Unlike the present case, the property subject to foreclosure in *St. Amant* was unquestionably owned by the debtor and therefore part of his estate until expiration of the redemption period. *See id.* at 163 (finding that § 362(a)(1) applies because, in a Connecticut foreclosure, it is the expiration of the redemption period, not the entry of the foreclosure judgment, which changes title).

 In short, what the FDIC has overlooked is that "the primary rule in bankruptcy cases, in considering a problem involving partners or partnerships, [is] that a partnership is a distinct legal entity separate and apart from the partners who formed it." *In re Dreske,* 25 B.R. 268, 270 (Bankr.E.D.Wis. 1982). Under Connecticut law, upon expiration of the redemption, title vested in the FDIC. The intervening bankruptcy of a partner of Howard Shoreline Associates did not operate to stay that result.

### Conclusion

The Motion to Reopen and Set Aside Summary Judgment of Strict Foreclosure (# 135–1, 135–2) is DENIED.

Any objections to this report and recommendation must be filed with the Clerk of Courts within ten (10) days of the receipt of this recommended ruling. Failure to object to this report and recommendation within ten (10) days will preclude appellate review. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rules 2 of the Local Rules for United States Magistrates; *Small v. Secretary of HHS,* 892 F.2d 15, 16 (2d Cir.1989).