MARYLOU BRADLEY *v.* TIMOTHY P.
RANDALL ET AL.
(AC 19922)

Landau, Zarella and Daly, Js.

---

Argued December 12, 2000—officially released April 24, 2001

*David N. Rosen*, with whom was *Michael J. Whalen*, for the appellant (plaintiff).

*R. J. Weber III*, with whom was *Kevin P. Walsh*, for the appellees (defendants).

*Opinion*

DALY, J. The plaintiff, Marylou Bradley, appeals from the judgment of the trial court, rendered after a jury trial, in favor of the defendants in this negligence action.[1] The plaintiff claims that the court improperly (1) failed to strike the matter from the jury docket and (2) failed to grant her motion to set aside the verdict. We affirm the judgment of the trial court.

The following facts are relevant to the disposition of this appeal. On June 26, 1995, at approximately 10 a.m., the plaintiff was operating her motor vehicle in an easterly direction on Tower Hill Road in Chaplin. At the same time, the defendant Timothy P. Randall was operating a motor vehicle in a northerly direction on Federal Road in Chaplin. As the defendant proceeded

---

[1] The defendants are Timothy P. Randall and his father, Bruce Randall, the owner of the motor vehicle that Timothy P. Randall was operating.

to make a left turn onto Tower Hill Road, he struck the plaintiff's motor vehicle head-on. The defendant admitted that there was a stop sign at the intersection, but claimed that he did not bring his vehicle to a stop because he lacked adequate notice of the sign under the circumstances then and there existing.

The following procedural history is also necessary for the disposition of this appeal. The original complaint was served in November, 1995, with a return date of November 28, 1995. The defendants failed to answer the complaint, and the plaintiff filed a motion for default. On February 14, 1997, the court granted the motion for default. The plaintiff subsequently claimed the case for a court trial on damages on February 25, 1997. On June 16, 1997, the defendants filed their answer and a motion to open the default judgment, which was granted on June 30, 1997.

On April 7, 1998, the defendants filed a request for leave to amend and attached their amended answer. On April 15, 1998, the defendants claimed the case for a jury trial. On the first day of jury selection, September 9, 1998, the plaintiff filed a motion to amend her complaint, which the court granted. On the same date, the plaintiff also filed a motion to strike the case from the jury list, which the court denied without comment. On September 24, 1998, the jury returned a verdict for the defendants. On October 2, 1998, the plaintiff filed a motion to set aside the verdict and judgment, claiming that it was contrary to law and against the evidence. The court denied that motion on April 4, 1999, also without comment. This appeal followed.

I

The plaintiff first claims that the court improperly failed to strike the matter from the jury docket. Specifically, the plaintiff argues that the defendants' April 15,

1998 jury trial claim was untimely and, thus, it should have been stricken from the jury docket. We disagree.

General Statutes § 52-215 sets forth the time within which an issue that is proper for a trial by jury may be claimed to the jury docket. Section 52-215 provides in relevant part: "When . . . an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk . . . ." General Statutes § 52-215. "Where the original ten day period for claiming a case to the jury has expired, a new ten day period may be created by the filing of an amended pleading, provided that the amended pleading introduces a new issue of fact into the case. . . . If a new issue of fact is introduced by the amended plead-ing, requiring the filing of a responsive pleading, then the new ten day period within which the parties may elect a jury trial begins to run from the time that the responsive pleading is filed and the parties are again at issue." (Citation omitted.) *Javit* v. *Marshall's, Inc.*, 40 Conn. App. 261, 266, 670 A.2d 886, cert. denied, 236 Conn. 915, 673 A.2d 1142 (1996).

In the plaintiff's motion to strike the case from the jury list, she claimed that while the defendants filed their amended answer on April 7, 1998, and the jury claim was filed on April 15, 1998, the amended answer added no new issues of fact, but only restated the factual claims already alleged. The court denied the plaintiff's motion without comment, and she did not seek to have the court articulate its basis for denying the motion.

"It is the responsibility of the appellant to provide an adequate record for review as provided in Section 61-10." Practice Book § 60-5. "The appellant shall deter-mine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal." Practice Book § 61-10. "Conclusions of the trial

court cannot be reviewed where the appellant fails to establish through an adequate record that the trial court incorrectly applied the law or could not reasonably have concluded as it did . . . ." (Internal quotation marks omitted.) *Mastrolillo* v. *Danbury*, 61 Conn. App. 693, 697, 767 A.2d 1232 (2001). "An appellant's utilization of the motion for articulation serves to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal." (Internal quotation marks omitted.) *Anastasia* v. *Beautiful You Hair Designs, Inc.*, 61 Conn. App. 471, 480, 767 A.2d 118 (2001), quoting *Ginsberg* v. *Fusaro*, 225 Conn. 420, 431, 623 A.2d 1014 (1993).

"Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court, either on its own or in response to a proper motion for articulation, any decision made by us respecting this claim would be entirely speculative." (Internal quotation marks omitted.) *Anastasia* v. *Beautiful You Hair Designs, Inc.*, supra, 61 Conn. App. 480, quoting *Alix* v. *Leech*, 45 Conn. App. 1, 5, 692 A.2d 1309 (1997). In this case, the record is ambiguous. Because the court denied the plaintiff's motion to strike without comment and because the plaintiff failed to complete the record by way of a motion to articulate, "[w]e . . . are left to surmise or speculate as to the existence of a factual predicate for the trial court's rulings." (Internal quotation marks omitted.) *Anastasia* v. *Beautiful You Hair Designs, Inc.*, supra, 480. In light of the inadequate record before us, we cannot ascertain the court's reasons for denying the plaintiff's motion and, therefore, we decline to review this claim.

## II

The plaintiff next claims that the court improperly failed to grant her motion to set aside the verdict. Specif-

ically, the plaintiff claims that the verdict should have been set aside because it was contrary to law and against the evidence. We disagree.

The standard for reviewing the denial of a motion to set aside a verdict on evidentiary grounds is clear. "Our review of the trial court's refusal to [grant a motion to set aside a verdict] requires us to consider the evidence in the light most favorable to the prevailing party, according particular weight to the congruence of the judgment of the trial judge and the jury, who saw the witnesses and heard their testimony. . . . The verdict will be set aside and judgment directed only if we find that the jury could not reasonably and legally have reached their conclusion." (Internal quotation marks omitted.) *Paige* v. *St. Andrew's Roman Catholic Church Corp.*, 250 Conn. 14, 17, 734 A.2d 85 (1999), citing *Mather* v. *Griffin Hospital*, 207 Conn. 125, 130, 540 A.2d 666 (1988).

In part I of this opinion, we discussed the burden that is placed on the appellant to provide this court with an adequate record. "It remains the appellant's responsibility to secure an adequate appellate record . . . ." (Internal quotation marks omitted.) *Ginsberg* v. *Fusaro*, supra, 225 Conn. 431–32. The court denied the plaintiff's motion to set aside the verdict without comment, and the plaintiff, again, failed to complete the record by way of a motion for articulation. Because of the inadequate record before us, we cannot ascertain the court's reasons for denying the plaintiff's motion and, therefore, decline to review this claim.

The judgment is affirmed.

In this opinion the other judges concurred.