MARTIN HAMMOND *v.* COMMISSIONER OF CORRECTION
(AC 17784)

Foti, Spear and Hennessy, Js.

---

[2] See footnote 1.

Argued January 13—officially released June 29, 1999

*Temmy Ann Pieszak*, supervisory assistant public defender, for the appellant (petitioner).

*Madeline A. Melchionne*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Steven R. Strom*, assistant attorney general, for the appellee (respondent).

*Opinion*

HENNESSY, J. The petitioner, Martin Hammond, appeals from the judgment of the habeas court dismissing his petition for writ of habeas corpus. The petitioner claims that the habeas court improperly concluded that

he was not entitled to receive credit for certain presentence confinement because the cases relied on by the habeas court, *Johnson* v. *Manson*, 196 Conn. 309, 493 A.2d 846 (1985), cert. denied, 474 U.S. 1063, 106 S. Ct. 813, 88 L. Ed. 2d 787 (1986), and *Taylor* v. *Robinson*, 196 Conn. 572, 494 A.2d 1195 (1985), appeal dismissed, 475 U.S. 1002, 106 S. Ct. 1172, 89 L. Ed. 2d 291 (1986), are not controlling in this case.[1] We affirm the judgment of the habeas court.

The following undisputed facts are relevant to this appeal. The petitioner was arrested in Massachusetts on August 26, 1985, pursuant to a fugitive warrant issued by the state of Connecticut in connection with a homicide. He was committed to the custody of the Connecticut department of correction from January 8, 1986, until his sentencing on June 9, 1986. The department of correction awarded the petitioner 152 days of presentence confinement credit for his time spent in a Connecticut department of correction facility. He also received fifty days of presentence good time credit based on the 152 days of presentence confinement.

The petitioner claimed in his habeas petition that he should have been awarded presentence confinement credit and presentence good time credit for the time he spent confined in Massachusetts from August 26, 1985, to January 2, 1986, and for the time he was in custody of the Bristol police department pending arraignment from January 2, 1986, to January 8, 1986.

---

[1] The petitioner also argues that *Johnson* and *Taylor* were wrongly decided and, therefore, should be overturned. The petitioner relies on the reasoning in the dissenting opinion in *Johnson* and in the concurring opinion in *Taylor* to urge this court to reverse the majority decisions. Although the petitioner recognizes that this court does not have the authority to overturn a decision of our Supreme Court, he states that his arguments are presented to preserve his right to seek further review. As an intermediate appellate court, "[i]t is not . . . within our province to overrule or discard the decisions of our Supreme Court." *State* v. *Oliver*, 41 Conn. App. 139, 146, 674 A.2d 1359, cert. denied, 237 Conn. 920, 676 A.2d 1374 (1996).

The habeas court, relying on *Johnson* and *Taylor*, denied the petition, holding that it is "well established in this state that a prisoner who was incarcerated in another state and was contesting his or her extradition back to the state of Connecticut, or is not contesting his or her extradition back to the state of Connecticut, does not receive credit for such jail time when it is presentence time." The petitioner filed a petition for certification to appeal, which the habeas court granted. This appeal followed.

The petitioner claims that General Statutes § 18-98d,[2] the relevant statute, does not contain the same wording as General Statutes § 18-98,[3] the statute construed by the *Johnson* and *Taylor* courts, and, therefore, those cases are not controlling. Specifically, the petitioner argues that the statute no longer refers to persons "awaiting trial" and now refers to persons confined to a community correctional center or a correctional institution. The petitioner argues that this "more general" language permits credit under his circumstances.

In *Johnson*, our Supreme Court determined whether a petitioner in a habeas corpus proceeding must be

---

[2] General Statutes § 18-98d (a) provides in relevant part: "Any person who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall . . . earn a reduction of his sentence equal to the number of days which he spent in such facility . . . provided . . . (2) the provisions of this section shall only apply to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reason for his presentence confinement . . . ."

[3] General Statutes § 18-98, the statute in effect when *Johnson* and *Taylor* were decided, provides in relevant part: "Any person who has been denied bail or who has been unable to obtain bail and who is subsequently imprisoned for an offense committed prior to July 1, 1981, is entitled to a commutation of his sentence by the number of days which he spent in a community correctional center . . . . The Commissioner of Correction shall . . . credit such person with the number of days to which the supervising officer of the correctional center where such person was confined while awaiting trial certifies . . . ."

credited under § 18-98 for time spent in a Florida jail while resisting extradition to Connecticut on a charge of escape from custody. *Johnson* v. *Manson,* supra, 196 Conn. 310. The *Johnson* court, in interpreting the statute, held that the plain language of the statute[4] indicated that it did not apply to the petitioner's detention in a Florida jail while awaiting extradition, and, therefore, the petitioner was not entitled to any credit for the time he spent in a Florida jail. Id., 318–19. The *Johnson* court further held that the commissioner's denial of the petitioner's credit was not a violation of his constitutional right to equal protection and due process of the law. Id., 319–28.

In *Taylor,* the petitioner was held in a New York jail while awaiting extradition to Connecticut. The trial court reversed the commissioner's denial of credit to the petitioner. *Taylor* v. *Robinson,* supra, 196 Conn. 573. Our Supreme Court reversed the trial court's award of the credit, concluding that its holding in *Johnson* controlled, and, therefore, § 18-98 does not authorize credit for time that a petitioner is held in another state awaiting extradition. We note that the presentence credit sought by the petitioners in both of those cases was for an offense committed prior to July 1, 1981, and, therefore, § 18-98 was the applicable statute. In this case, the petitioner is seeking presentence credit for an offense committed after July 1, 1981, and, therefore, § 18-98d is the applicable statute.

We now turn to the petitioner's argument that he should have been awarded presentence credit for the

---

[4] Our Supreme Court indicated that the statute "has no language about 'while awaiting extradition,' but rather clearly specifies 'while awaiting trial.' It is obvious that the 'awaiting trial' criterion is critical in determining credits for those so entitled." *Johnson* v. *Manson,* supra, 196 Conn. 315. In addition, our Supreme Court interpreted "community correctional center" to mean a correctional institution that "encompasses institutions situated in Connecticut rather than those institutions outside Connecticut in which one awaiting extradition is confined." Id., 317.

time that he was incarcerated in Massachusetts.[5] While *Johnson* and *Taylor* are not controlling in that they interpret the statutory language of § 18-98 and not § 18-98d, we conclude that the rationale under *Johnson* and *Taylor* is persuasive in this case.

"Statutory construction is a question of law and therefore our review is plenary. *Jupiter Realty Co.* v. *Board of Tax Review*, 242 Conn. 363, 367, 698 A.2d 312 (1997). The process of statutory interpretation involves a reasoned search for the intention of the legislature. *Frillici* v. *Westport*, 231 Conn. 418, 431, 650 A.2d 557 (1994). In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of this case, including the question of whether the language actually does apply. In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . .

---

[5] The petitioner also claims that the habeas court should have awarded him presentence credit for his time spent under the custody of the Bristol police department. The petitioner, however, failed to make a separate argument with regard to this claim. The petitioner also does not argue that the application of the statue under those facts violates due process and equal protection. "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Citation omitted; internal quotation marks omitted.) *Raymond* v. *Rock Acquisition Ltd. Partnership*, 50 Conn. App. 411, 420, 717 A.2d 824 (1998); see also *Mercer* v. *Commissioner of Correction*, 49 Conn. App. 819, 820–21 n.1, 717 A.2d 763, cert. denied, 247 Conn. 920, 722 A.2d 801 (1998); *Blakeney* v. *Commissioner of Correction*, 47 Conn. App. 568, 586, 706 A.2d 989, cert. denied, 244 Conn. 913, 713 A.2d 830 (1998). "Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Internal quotation marks omitted.) *Cummings* v. *Twin Tool Mfg. Co.*, 40 Conn. App. 36, 45, 668 A.2d 1346 (1996). Therefore, we decline to review this claim.

*United Illuminating Co.* v. *New Haven,* 240 Conn. 422, 431, 692 A.2d 742 (1997)." (Internal quotation marks omitted.) *Butler* v. *Hartford Technical Institute, Inc.,* 243 Conn. 454, 458–59, 704 A.2d 222 (1997). "Where the language of the statute is clear and unambiguous, it is assumed that the words themselves express the intent of the legislature and there is no need for statutory construction or a review of the legislative history. *All Brand Importers, Inc.* v. *Dept. of Liquor Control,* 213 Conn. 184, 195, 567 A.2d 1156 (1989)." (Internal quotation marks omitted.) *Haesche* v. *Kissner,* 229 Conn. 213, 223, 640 A.2d 89 (1994).

The *Johnson* court interpreted "community correctional center" in § 18-98 to mean "correctional institution" and concluded, on the basis of the definition of correctional institution in General Statutes § 1-1 (w), that the statute encompassed only institutions situated in Connecticut. Section 18-98d, the statute applicable in this case, provides that "[a]ny person who is confined to a community correctional center or a correctional institution . . . shall . . . earn a reduction of his sentence . . . ." Section 1-1 defines correctional institutions as encompassing certain listed facilities. All of the facilities listed are Connecticut facilities. The rationale in *Johnson* and the clear and unambiguous language of this statute persuade us that the statute applies only to persons confined in institutions situated in Connecticut.

Furthermore, while § 18-98d does not contain the phrase "awaiting trial," as did the statute interpreted by the *Johnson* and *Taylor* courts, it still does not purport to apply to persons awaiting or contesting extradition. Section 18-98d applies to persons "confined . . . under a mittimus or because such person is unable to obtain bail or is denied bail . . . ."[6] "Where statutory

---

[6] The commissioner argues that the statute applies only to persons confined under a mittimus. "[Section] 18-98d differs from its predecessors [General Statutes §§ 18-97 and 18-98] in that it merged § 18-97, which dealt with

language is clearly expressed, as here, courts must apply the legislative enactment according to the plain terms and cannot read into the terms of a statute something which manifestly is not there in order to reach what the court thinks would be a just result." *Johnson* v. *Manson*, supra, 196 Conn. 315. Accordingly, we conclude that, like § 18-98, § 18-98d does not apply to persons confined in out-of-state facilities awaiting or contesting extradition.

The petitioner also claims that it is a violation of his rights to due process and equal protection under the United States and the Connecticut constitutions to interpret the statute to preclude credit to a petitioner awaiting extradition in an out-of-state facility. Those arguments were addressed by our Supreme Court in *Johnson* with regard to § 18-98. *Johnson* v. *Manson*, supra, 196 Conn. 319–28. While in this case we are addressing § 18-98d, the petitioner has not persuaded this court that we should depart from the *Johnson* court's analysis of those constitutional issues.

The judgment is affirmed.

In this opinion the other judges concurred.

the presentence confinement of those held under a mittimus, and § 18-98, which dealt with the presentence confinement of those unable to obtain bail. Further, § 18-98d added the provision that each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement. *Payton* v. *Albert*, 209 Conn. 23, 30, 547 A.2d 1 (1988)." (Internal quotation marks omitted.) *Casey* v. *Commissioner of Correction*, 215 Conn. 695, 700 n.5, 577 A.2d 1051 (1990). Therefore, the statute also applies to persons who are unable to obtain bail or are denied bail.