HELEN BORETTI ET AL. *v.* THE PANACEA
COMPANY ET AL.
(AC 19482)

Mihalakos, Dranginis and Daly, Js.

Argued September 27—officially released December 4, 2001

*Norman J. Voog*, with whom, on the brief, was *Christopher J. Molyneaux*, for the appellant (named plaintiff).

*Edward V. Walsh*, with whom, on the brief, were *Thomas M. Murtha* and *John C. Turner, Jr.*, for the appellees (defendants).

*Opinion*

DRANGINIS, J. In this personal injury action, the plaintiff Helen Boretti[1] appeals from the judgment in favor of the defendants[2] following a jury trial. On appeal,

---

[1] The trial court granted the defendants' motion for summary judgment as to counts two and four of the complaint, which were brought by the plaintiff Christine Boretti, the daughter of the plaintiff Helen Boretti. Christine Boretti has not appealed from that judgment and is not involved in this appeal. We refer in this opinion to Helen Boretti as the plaintiff.

[2] The defendants in this case are The Panacea Company, the owner of the premises at issue here, and its tenants, Douglas W. Thomas, Evelyne Thomas and Donald T. Evans. It appears from the record that the named defendant is the real estate holding company for the subject premises and that the other defendants are the actual owners.

the plaintiff claims that (1) the trial court improperly restricted her from questioning witnesses about the general condition of the defendants' property, (2) the trial court improperly refused to charge the jury on the doctrine of res ipsa loquitur, (3) this court should abandon the specific defect rule used in determining whether there is a breach of a duty owed to business invitees and (4) the trial court improperly denied her motion to set aside the verdict. We affirm the judgment of the trial court.

The following facts are relevant to our resolution of this appeal. On January 4, 1990, the plaintiff and her minor daughter drove to the defendants' office building to pay a medical bill and parked in the lot provided by the defendants. While exiting her motor vehicle, the plaintiff slipped and fell onto the ground of the parking lot. The plaintiff alleged that she stumbled onto the ground because of the icy conditions surrounding the area where she had parked her motor vehicle. As a result of her fall, the plaintiff alleged that she suffered injuries to her left arm.

The plaintiff commenced an action against the defendants, claiming negligence and failure to exercise due care in maintaining the parking lot. The defendants denied the plaintiff's allegations in their answer and asserted contributory negligence as a special defense. Following a jury trial, the jury returned a verdict in favor of the defendants. The plaintiff filed a motion to set aside the verdict, which the trial court denied. This appeal followed.

I

The plaintiff first claims that the trial court improperly restricted her right to conduct a direct examination of a witness, her minor daughter.[3] Specifically, the plain-

[3] The plaintiff also contends that the court's ruling unduly restricted her right to examine other witnesses, but fails to specify and to name those witnesses, and moreover does not provide any references to the transcript.

tiff contends that the court improperly precluded her from eliciting testimony from her daughter regarding the general condition of the parking lot when (1) the defendants testified about the lot's general maintenance and (2) such testimony could be used to impeach and challenge the credibility of the defendants.[4] We are not persuaded.[5]

In addition to her minor daughter, the plaintiff called as witnesses the defendants Donald T. Evans and Evelyne Thomas. She questioned both about the general maintenance of the parking lot. The plaintiff elicited testimony from her daughter regarding the incident and the specific condition of the parking lot in the area where the motor vehicle was parked. The plaintiff also attempted to ask her daughter about the general condition of the parking lot. The defendants objected to the

---

Accordingly, we review this claim only as it relates to the direct examination of the plaintiff's daughter.

[4] The plaintiff additionally suggests that the court improperly precluded her from questioning her daughter about the general condition of the parking lot when the defendants opened the door to this issue by testifying first about the lot's general condition. After thoroughly reviewing the record and transcripts, we cannot find one instance where the defendants testified about the general condition of the parking lot on the date of the incident, nor does the plaintiff provide any such references in her brief. We, therefore, decline to address this particular aspect of the plaintiff's claim.

[5] We note that the defendants correctly point out that the plaintiff failed to comply with Practice Book § 67-4 (d) (3) in raising this claim. Practice Book § 67-4 (d) (3) provides: "When error is claimed in any evidentiary ruling in a court or jury case, the brief or appendix shall include a verbatim statement of the following: the question or offer of exhibit; the objection and the ground on which it was based; the ground on which the evidence was claimed to be admissible; the answer, if any; and the ruling." In her brief, the plaintiff merely reproduces numerous excerpts from the transcript, some portions even containing favorable evidentiary rulings. The plaintiff does not specifically refer to nor state which evidentiary ruling is the subject of her challenge. Generally, this court will not review claims that are improperly briefed. Although we do not condone this failure to adhere to the rules of practice, in this case, however, the subject questions and rulings are sufficiently delineated for us to review the plaintiff's claim. See *Wilkes* v. *Wilkes*, 55 Conn. App. 313, 323 n.9, 738 A.2d 758 (1999).

line of questioning related to the general condition of the parking lot on the ground of relevance. The trial court sustained the defendants' objection on the ground of relevance, stating that "the issue is what was the condition of the area immediately around the automobile."

"It is a well established principle of law that the trial court may exercise its discretion with regard to evidentiary rulings, and the trial court's rulings will not be disturbed on appellate review absent abuse of that discretion. . . . In our review of these discretionary determinations, we make every reasonable presumption in favor of upholding the trial court's ruling." (Citations omitted; internal quotation marks omitted.) *New London Federal Savings Bank* v. *Tucciarone*, 48 Conn. App. 89, 92, 709 A.2d 14 (1998); see also 1 B. Holden & J. Daly, Connecticut Evidence (2d Ed. 1988) § 35, p. 159.

"Our standard of review regarding challenges to a trial court's evidentiary rulings is that these rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the [party raising the challenge] of substantial prejudice or injustice. . . . In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did. . . .

"Evidence is admissible only if it is relevant. . . . Relevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue. . . . One fact is relevant to another if in the common course of events the existence of one, alone or with other facts, renders the existence of the other either more certain or more probable. . . . It is well settled that questions of relevance are committed to the sound

discretion of the trial court." (Internal quotation marks omitted.) *Pickel* v. *Automated Waste Disposal, Inc.*, 65 Conn. App. 176, 184, 782 A.2d 231 (2001); see also 1 B. Holden & J. Daly, Connecticut Evidence (2d Ed. 1988) § 67b.

After a review of the record and transcripts in this case, we conclude that the trial court did not abuse its discretion in its rulings with regard to the scope of the plaintiff's direct examination of her daughter. In this premises defect case, for the plaintiff to recover for breach of a duty owed to her as a business invitee, the plaintiff had to allege and prove that the defendants had either actual or constructive knowledge of the "specific defective condition which caused the injury and not merely of conditions naturally productive of that defect . . . . On the question of notice the trier's consideration must be confined to the defendant's knowledge and realization of the specific condition causing the injury, and such knowledge cannot be found to exist from a knowledge of the general or overall conditions obtaining on the premises." (Citations omitted.) *Kirby* v. *Zlotnick*, 160 Conn. 341, 344–45, 278 A.2d 822 (1971); see *Monahan* v. *Montgomery*, 153 Conn. 386, 390, 216 A.2d 824 (1966); *Fuller* v. *First National Supermarkets, Inc.*, 38 Conn. App. 299, 301, 661 A.2d 110 (1995); *LaFaive* v. *DiLoreto*, 2 Conn. App. 58, 60, 476 A.2d 626, cert. denied, 194 Conn. 801, 477 A.2d 1021 (1984).

Given that the plaintiff, as a business invitee, was required to prove that the defendants had notice of the specific condition of the parking lot that caused her to fall, testimony regarding the general condition of the parking lot was irrelevant in this case. Therefore, we cannot conclude that the court abused its discretion in restricting the plaintiff from questioning her daughter about the general condition of the parking lot.[6]

---

[6] The plaintiff contends for the first time on appeal that she questioned her daughter about the general maintenance of the parking lot to impeach the credibility of Evans and Thomas. The plaintiff failed to raise this argu-

## II

The plaintiff next claims that the court improperly denied her request to charge the jury on the doctrine of res ipsa loquitur. We disagree.

It is well established that "[a] request to charge which is relevant to the issues of the case and which is an accurate statement of the law must be given. . . . The trial court has a duty not to submit any issue to the jury upon which the evidence would not support a finding. . . . Accordingly, the right to a jury instruction is limited to those theories for which there is any foundation in the evidence." (Citations omitted; internal quotation marks omitted.) *Henriques* v. *Magnavice*, 59 Conn. App. 333, 336, 757 A.2d 627 (2000).

"Whether the doctrine of res ipsa loquitur applies in a particular case is a question of law over which our review is plenary. . . . In this regard, we note that a trial court should instruct the jury in accordance with a party's request to charge if the proposed instructions are reasonably supported by the evidence. . . . We therefore review the evidence presented at trial in the light most favorable to supporting the plaintiff's proposed charge." (Citations omitted; internal quotation marks omitted.) *Godwin* v. *Danbury Eye Physicians & Surgeons, P.C.*, 254 Conn. 131, 139, 757 A.2d 516 (2000).

"The doctrine of res ipsa loquitur, literally the thing speaks for itself, permits a jury to infer negligence when no direct evidence of negligence has been introduced. . . . It is a convenient formula for saying that a plaintiff may, in some cases, sustain the burden of proving that the defendant was more probably negligent than not, by showing how the accident occurred, without offering any evidence to show why it occurred." (Citation omit-

ment before the trial court, and we will, therefore, not address it here. See *Baker* v. *Cordisco*, 37 Conn. App. 515, 522, 657 A.2d 230, cert. denied, 234 Conn. 907, 659 A.2d 1207 (1995).

ted; internal quotation marks omitted.) *Malvicini* v. *Stratfield Motor Hotel, Inc.*, 206 Conn. 439, 441–42, 538 A.2d 690 (1988). "The doctrine of res ipsa loquitur applies only when two prerequisites are satisfied. First, the situation, condition or apparatus causing the injury must be such that in the ordinary course of events no injury would have occurred unless someone had been negligent. Second, at the time of the injury, both inspection and operation must have been in the control of the party charged with neglect." (Internal quotation marks omitted.) *Godwin* v. *Danbury Eye Physicians & Surgeons, P.C.*, supra, 254 Conn. 140.

Viewing the evidence in the light most favorable to supporting the plaintiff's charge, we conclude that the plaintiff's injury could have occurred in the absence of negligence. In this case, the plaintiff could have fallen while exiting her motor vehicle for a variety of reasons, without any negligence on the part of the defendants. As the plaintiff fails to meet one of the necessary prerequisites to warrant the application of the doctrine of res ipsa loquitur, we conclude that the court properly refused to charge the jury on this issue.

### III

The plaintiff further contends that this court should abandon the specific defect rule; see part I of this opinion; and its principles as enunciated by our Supreme Court in *Cruz* v. *Drezek*, 175 Conn. 230, 234–35, 397 A.2d 1335 (1978).[7]

---

[7] In *Cruz*, our Supreme Court reiterated the holdings of prior decisions regarding business invitees and their burden to prove that a defendant had notice of the specific defect that caused the injury. The plaintiff refers to this burden of proof as the "specific defect rule." The court in *Cruz* held: "We have repeatedly stated that the notice, whether actual or constructive, must be notice of the very defect which occasioned the injury and not merely of conditions naturally productive of that defect even though subsequently in fact producing it. . . . On the question of notice, the trier's consideration must be confined to the defendants' knowledge of the specific condition causing the injury, and such knowledge cannot be found to exist from a knowledge of the general or overall conditions obtaining on the premises.

"As an intermediate appellate court, '[i]t is not . . . within our province to overrule or discard the decisions of our Supreme Court.' " *Hammond* v. *Commissioner of Correction*, 54 Conn. App. 11, 13 n.1, 734 A.2d 571, cert. granted on other grounds, 251 Conn. 919, 742 A.2d 358 (1999); see *Hanes* v. *Board of Education*, 65 Conn. App. 224, 230 n.6, 783 A.2d 1 (2001). "It is axiomatic that we are bound by our Supreme Court precedent." *State* v. *Otero*, 49 Conn. App. 459, 468 n.9, 715 A.2d 782, cert. denied, 247 Conn. 910, 719 A.2d 905 (1998). Accordingly, we decline to review this claim.[8]

## IV

The plaintiff's final claim is that the trial court improperly denied her motion to set aside the verdict.[9] We decline to review this claim.

Pursuant to Practice Book § 60-5, it is the responsibility of the appellant to provide an adequate record for appellate review. "Indeed, several rules of practice aim to facilitate the process by which an appealing party ensures the adequacy of the record. See Practice Book § 4051 [now § 66-5] (Rectification of Appeal, Articulation), § 4053 [now § 66-6] (Motion for Review—In General), § 4054 [now § 66-7] (Motion for Review—Review of Motion for Rectification of Appeal or Articulation). These rules foster the basic policy that an appellate tribunal cannot render a decision without first fully understanding the disposition being appealed." (Inter-

---

. . . Circumstantial evidence is, of course, also available on the question of notice or knowledge of the specific defects . . . ." (Citations omitted; internal quotation marks omitted.) *Cruz* v. *Drezek*, supra, 175 Conn. 235.

[8] As an additional ground for declining to address this issue, we note that the plaintiff failed to raise this claim before the trial court.

[9] In support of her motion to set aside the verdict, the plaintiff claimed that the trial court improperly precluded her from arguing in final argument that, pursuant to Public Acts 1998, No. 98-50, now codified at General Statutes § 52-216c, the jury should draw an adverse inference from the failure of the defendants to call witnesses to testify about the maintenance of the property.

nal quotation marks omitted.) *Gladstone, Schwartz, Baroff & Blum* v. *Hovhannissian*, 53 Conn. App. 122, 127, 728 A.2d 1140 (1999).

In this case, the court denied the plaintiff's motion to set aside the verdict without comment, and the plaintiff failed to complete the record by way of a motion for articulation. Because of the inadequate record before us, we cannot ascertain the court's reasons for denying the plaintiff's motion and, therefore, decline to review this claim. See *Bradley* v. *Randall*, 63 Conn. App. 92, 96, 772 A.2d 722 (2001).

The judgment is affirmed.

In this opinion the other judges concurred.