[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner filed a pro se petition for a writ of habeas corpus on March 5, 1999. The petition, which has not been amended, claims that the petitioner is entitled to forty-three (43) days of pre-sentence jail credit which the Commissioner of Correction has not credited to the petitioner. Pet., at 5; see also Tr. (12/6/2001), at 5. Specifically, the petitioner "is requesting credit for the time he turned himself in on February 13, 1997 in Hawaii to the time he was returned to Connecticut on March 27, 1997." Pet'r Br., at 1. The respondent, however, argues that the petitioner's pre-sentence jail credit, which encompasses one-hundred and forty (140) days awarded for time spent in pre-sentence confinement in a Connecticut correctional facility, has been correctly calculated and credited. Ret., 2-3.
To resolve the petitioner's claims, this Court makes the following CT Page 3550 factual findings. The petitioner lived in Hawaii and operated an auto repair business, but traveled to and from Hawaii to Connecticut on several occasions. Tr. (12/6/2001), at 6-7. The petitioner turned himself in to authorities in Hawaii on February 13, 1997; Id., at 3-4; because he became aware that there were charges pending against him in Connecticut.Id., at 4. The petitioner did not contest extradition. Id., at 4. The forty-three (43) days the petitioner is claiming as credit encompass twenty-three (23) days awaiting extradition and twenty (20) days of travel time until Connecticut authorities took the petitioner into custody. Pet., at 5. Subsequently, the petitioner was convicted on several charges and a total effective sentence of ten (10) years was imposed on August 14, 1997, which is the sentence currently being served by the petitioner. Id., at 1.
The petitioner notes that Johnson v. Manson, 196 Conn. 309, 493 A.2d 846
(1985), cert. denied, 474 U.S. 1063, 106 S.Ct. 813, 88 L.Ed.2d 787
(1986), Taylor v. Robinson, 196 Conn. 572, 494 A.2d 1195 (1985), appeal dismissed, 475 U.S. 1002, 106 S.Ct. 1172, 89 L.Ed.2d 291 (1986), andHammond v. Commissioner of Correction, 54 Conn. App. 11, 734 A.2d 571, cert. granted, 251 Conn. 919, 742 A.2d 358 (1999), all previously denied out-of-state jail credit in the past and do not support his position, but that a favorable outcome in the Hammond appeal pending before the Supreme Court would allow the petitioner to receive the claimed credit.[1]
Pet'r Br., at 1-2. Subsequent to the habeas trial before this Court, the advance release opinion of the Supreme Court's opinion in Hammond was made available on March 20, 2002 and the official release date of that opinion is March 26, 2002. The Supreme Court unanimously affirmed the Appellate Court's decision in Hammond and concluded that the petitioner was not entitled to the pre-sentence credit he sought for out-of-state confinement while awaiting extradition to Connecticut.
In Johnson, a 3:2 decision with Justices Shea and Satter dissenting, the Supreme Court vacated the trial court judgment granting credit for time spent awaiting extradition to Connecticut and remanded the matter with direction that the writ be dismissed. Johnson v. Manson, supra,196 Conn. 328. The facts of Johnson involved a petitioner who had escaped custody, fled to Florida, where he was arrested as a result of being a fugitive from justice, unsuccessfully contested extradition to Connecticut, and upon his return was formally arrested in Connecticut on the escape charge. Id., at 311-2. The Supreme Court interpreted the relevant General Statute, § 18-98, and concluded that "as written [it] has no language about `while awaiting extradition,' but rather clearly specifies `while awaiting trial.'" Id., at 315.
Also critical to the Johnson court finding that the trial court had erred in awarding credit to the petitioner was the definition of CT Page 3551 "community correctional center.' "A `community correctional center' is a `correctional institution'; General Statutes 1-1 (w); and encompasses institutions situated in Connecticut rather than those outside Connecticut in which one awaiting extradition in confined. It goes without saying that under such a view Connecticut authorities have complete control over inmates confined in Connecticut, including those confined outside Connecticut pursuant to 18-102, in contrast to the lack of control over an inmate wanted in Connecticut who is confined elsewhere awaiting extradition." Id., at 317-8. The court noted that it was "clear that the petitioner [in Johnson] was not within the jurisdiction of Connecticut when confined in Florida awaiting extradition." Id., at 320.
Shortly after Johnson, the Supreme Court in Taylor set aside a trial court's granting ninety-seven (97) days of pre-sentence jail credit to a petitioner awaiting extradition to Connecticut Taylor v. Robinson, supra,196 Conn. 577. The underlying facts in Taylor were different in that the petitioner had not escaped from custody and did not contest extradition.Id., at 574. Nevertheless, the court in a 4:1 decision, with Justice Shea again dissenting, held that § 18-98 "does not authorize the credit sought by the petitioner[.]" Id., at 575.
The Taylor majority felt compelled "to address a matter which developed in oral argument and about which counsel admitted there was no evidence or claim made at the trial. This involved instances where the commissioner apparently gave "credit' on a Connecticut criminal sentence for time spent in confinement while awaiting extradition in another state. Counsel for the commissioner acknowledged that the commissioner had given "credit' up to as much as ten or twelve days. He specifically said, however, that all of these "credits' had been granted where the persons involved had in fact either been already ordered extradited to Connecticut or had already waived extradition to return to this state, and, therefore, these persons were then immediately available to be returned here. The "credit' was given in those cases he explained, because Connecticut authorities were not in the other state at those particular times, and the period for which the "credit' was given was for that period that was necessarily required for travel to that jurisdiction in order to return such persons to Connecticut. In these cases it is apparent that those persons were immediately available to be returned to this state, if Connecticut authorities were on the scene to do so. Although such credit is not statutorily authorized by 18-98; Johnson v.Manson, supra; the commissioner has suggested that to credit such time is a fair accommodation under those circumstances. Some jurisdictions have granted credit for time when a prisoner was held in unnecessary custody in another jurisdiction and we note, without deciding, that the commissioner's "crediting' of travel time may be arguably analogous. We also reserve for another day, when it is properly before us, our views on CT Page 3552 any claim regarding an extraditee whose detention in another jurisdiction has been prolonged by unnecessary delay caused by the failure of Connecticut authorities to return the extraditee when he is available to be returned to Connecticut. We reiterate unequivocally, however, that thecommissioner cannot provide any such `credit' under the authority of18-98." (Emphasis added.) (Internal citations omitted.) Id., at 576-7.
In Hammond, the Appellate Court affirmed the trial court's dismissal of a habeas petition claiming credit for time spent outside Connecticut awaiting extradition to this state. Hammond v. Commissioner ofCorrection, supra, 54 Conn. App. 18. The Appellate Court noted that "the pre-sentence credit sought by the petitioners in both [Johnson and Taylor] was for an offense committed prior to July 1, 1981, and therefore, §18-98 was the applicable statute. In [Hammond], the petitioner is seeking pre-sentence credit for an offense committed after July 1, 1981, and therefore, § 18-98d is the applicable statute." Id., at 15. TheHammond court concluded that "[w]hile Johnson and Taylor are not controlling in that they interpret the statutory language of § 18-98
and not § 18-98d, . . . the rationale under Johnson and Taylor is pursuasive in this case." Id., at 16.
"[W]hile 18-98d does not contain the phrase "awaiting trial, ' as did the statute interpreted by the Johnson and Taylor courts, it still does not purport to apply to persons awaiting or contesting extradition. Section 18-98d applies to persons `confined . . . under a mittimus or because such person is unable to obtain bail or is denied bail.' . . . Accordingly, we conclude that, like § 18-98, § 18-98d does not apply to persons confined in out-of-state facilities awaiting or contesting extradition." Id., at 17-8.
Lastly, this Court draws attention to the fact that the legislature amended § 18-98d through Public Act No. 01-78, which took effect on October 1, 2001. As revised, § 18-98d only pertains in relevant part to a "person who is confined to a community correctional center or a correctional institution . . . under a mittimus or because such person is unable to obtain bail or is denied bail[.]" General Statutes §18-98d (a)(1), § 18-98d (a)(1) also has two provisions, one of which mandates that "this section shall only apply to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reason for such person's presentence confinement[.]" (Emphasis added.) General Statutes § 18-98d (a)(1)(B). A person awaiting extradition to Connecticut clearly is not being held solely because of a mittimus or the inability to obtain bail or the denial of bail.
The only relevant changes to § 18-98d were the addition of two CT Page 3553 subsections to § 18-98d (a) that entitle a person convicted of any offense and sentenced to a term of imprisonment, "who was confined to apolice station or courthouse lockup in connection with such offensebecause such person was unable to obtain ball or where bail was denied," to receive pre-sentence confinement credit. (Emphasis added.) General Statutes § 18-98d (a)(2)(A) and (B). Though the legislature has clearly expressed its intent to give credit to individuals who are confined in police stations or courthouse lockup as a result of being unable to post bail or where bail is denied, the legislature specifically has not awarded credit for out-of-state confinement awaiting extradition to Connecticut.
Based on the foregoing facts of this case and the relevant case and statutory law, this Court finds that the petitioner is not entitled to the relief he is seeking in his writ of habeas corpus. The petition, therefore, is denied.
GRAZIANI, J.